United States Court of Appeals
Fifth Circuit

**F I L E D**

May 8, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

----------------------

No. 04-41179
Summary Calendar
----------------------

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

CLINTON DALE EADS

Defendant - Appellant

--------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CR-27-ALL-RAS
--------------------------

Before KING, DeMOSS and PRADO, Circuit Judges.

PER CURIAM:[*]

Clinton Dale Eads appeals his 50-month sentence for bank robbery in violation of 18 U.S.C. § 2113(a). He contends that the district court violated his Sixth Amendment right to a jury trial when it enhanced his sentence based on the district judge's finding that a threat of death was made because this finding was neither admitted by him nor made by a jury beyond a reasonable doubt.

The district court erred when it enhanced Eads's sentence pursuant to U.S.S.G. § 2B3.1(b)(2)(F) because the court's factual finding that Eads told the bank teller he had a gun was neither

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

admitted by Eads nor found by a jury beyond a reasonable doubt. See United States v. Booker, 543 U.S. 220, 244 (2005). Because Eads preserved his Sixth Amendment argument in the district court by raising an objection based on Blakely v. Washington, 542 U.S. 296 (2004), we review for harmless error. See United States v. Garza, 429 F.3d 165, 170 (5th Cir. 2005), cert. denied, 126 S. Ct. 1444 (2006). The Government bears the burden of demonstrating that the Booker error did not affect Eads's sentence. See United States v. Pineiro, 410 F.3d 282, 286 (5th Cir. 2005).

The mere fact that the district court sentenced Eads in the middle of the applicable guidelines range, standing alone, fails to satisfy the Government's burden of proving harmless error beyond a reasonable doubt. See Garza, 429 F.3d at 170-171. Further, the sentencing transcript is silent with regard to whether the district court would have imposed the same sentence absent the Booker error. Therefore, the Government has failed to carry its burden of showing beyond a reasonable doubt that the error did not affect Eads's sentence. See Pineiro, 410 F.3d at 287. We therefore vacate Eads's sentence and remand the case for resentencing.

SENTENCE VACATED; CASE REMANDED.